UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 10-123-GWU


BOBBY JOE WILSON,                                          PLAINTIFF,


VS.                         **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Bobby Joe Wilson brought this action to obtain judicial review of an

unfavorable administrative decision on his application for Disability Insurance

Benefits.  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.      Is the claimant currently engaged in substantial gainful activity?
        If so, the claimant is not disabled and the claim is denied.

2.      If the claimant is not currently engaged in substantial gainful
        activity, does he have any "severe" impairment or combination
        of impairments--i.e., any impairments significantly limiting his
        physical or mental ability to do basic work activities?  If not, a
        finding of non-disability is made and the claim is denied.

3.      The third step requires the Commissioner to determine
        whether the claimant's severe impairment(s) or combination of
        impairments meets or equals in severity an impairment listed

1

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight.

Garner, 745 F.2d at 387.

2

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

<u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  <u>Id.</u>  Accord, <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Wilson, a 48-year-old former carpet installer with a "limited" education, suffered from impairments related to a seizure disorder.  (Tr. 58).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 59, 62).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 62-63).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 63).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Anne Thomas included an exertional limitation to medium level work restricted from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) a need to avoid exposure to hazardous machinery; (3) a limitation to

non-driving jobs; and (4) a limitation to low stress work requiring only simple, one- and two-step instructions. (Tr. 16-17). In response, the witness identified a significant number of jobs in the national economy. (Tr. 17). Therefore, assuming that the vocational factors considered by Thomas fairly characterized Wilson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Wilson's physical condition. Dr. Alam Khan, an examining neurologist, did not impose any functional restrictions upon the plaintiff's activities besides a need for him to be compliant with his medications.[1] (Tr. 390). Dr. Robert Brown, a non-examining medical reviewer, opined that the claimant would be unable to climb ladders, ropes or scaffolds and would need to avoid exposure to hazards. (Tr. 391-398). The hypothetical question presented to Thomas was essentially consistent with this opinion. These reports provide substantial evidence to support the administrative decision.

Dr. Rajiv Srinivas, a treating source, opined that Wilson was disabled from any employment as a result of his seizure disorder and should not drive an automobile or use machinery. (Tr. 348, 409). The plaintiff argues that this opinion was binding on the ALJ. The ALJ included restrictions on driving and using

---

[1] The record indicates that Wilson had a history of poor compliance with his anti-seizure medications. In November of 2006 upon hospitalization at Memorial Hospital, the plaintiff had a low Dilantin level. (Tr. 295).

machinery in the hypothetical question which covered the only specific restrictions indicated by the physician.  With regard to the statement of Dr. Srinivas that the claimant was disabled, the court notes that this is a finding reserved to the Commissioner under the federal regulations and, so, was not binding on the ALJ. 20 C.F.R. § 404.1527(e)(1).  Furthermore, the ALJ did note a number reasons for not crediting the opinion of Dr. Srinivas including the paucity of treatment he provided, the lack of clinical findings made by the doctor and the contrary opinion of Dr. Khan, a neurological specialist.  (Tr. 61-62).  Therefore, the court must reject the claimant's argument.

The ALJ found that Wilson's testimony was not fully credible.  (Tr. 61).  The plaintiff asserts that this finding was in error.  He cites the findings of Erin Allen, an agency medical reviewer, who indicated that the plaintiff's complaints of dizziness, nervousness, and problems with lifting, bending, standing, talking, hearing, seeing, memory, completing tasks and using the hands were "partially credible."  (Tr. 368).  However, the ALJ's findings were consistent with a finding of "partial credibility" in that the restrictions would accommodate at least some of his complaints.  The court notes that Allen did not impose more severe physical restrictions on the claimant than those found by the ALJ.  (Tr. 363-370).  Furthermore, Allen was not a licensed medical doctor and, so, would not be an "acceptable medical source" under the federal regulations.  20 C.F.R. § 404.1513.  The ALJ also noted a number of reasons

for finding that the claimant was not credible including the fact that the medical record did not support his claims concerning the frequency of the seizures, his history of poor compliance with his anti-seizure medication, the lack of required treatment for his seizures and the findings of Dr. Khan.  (Tr. 61).  Therefore, the court finds that the ALJ dealt properly with the issue concerning Wilson's credibility.

Wilson asserts that the ALJ erred by failing to credit the testimony of Thomas that no jobs would remain if one were dizzy, forgetful, lightheaded, off balance and would miss more than two days of work a month.  (Tr. 17).  However, these restrictions are not well-supported in the objective medical record and the claimant was properly found not to be fully credible with regard to his subjective complaints. Substantial evidence does support the hypothetical question which the ALJ did rely upon.  Therefore, the undersigned finds no error.

Finally, Wilson asserts that his mental problems were not adequately considered by the ALJ.  The hypothetical question included a limitation to low stress work requiring only simple instructions.  No treating or examining source identified the existence of more severe mental restrictions than those found by the ALJ.  The record was reviewed by Psychologists Ed Ross (Tr. 349) and Ilze Sillers (Tr. 371), each of whom opined that the plaintiff did not suffer from a "severe" mental impairment.  Therefore, the court finds no error.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of February, 2011.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**